■ DEXIA SA/NV et al., Appellants, v MORGAN STANLEY et al., Respondents. [22 NYS3d 833]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 18, 2013, which granted defendants' motion to dismiss the complaint on the ground that the Dexia plaintiffs lacked standing to assert fraud claims, and FSA Asset Management LLC (FSAM) failed to sufficiently allege damages, unanimously affirmed, without costs.

This fraud action arises from plaintiffs' purchase in 2006 and 2007 of more than $626 million in residential mortgage-backed securities (RMBS) from defendants (Morgan Stanley). In the amended complaint, plaintiffs assert three causes of action against defendants, for common law fraud, fraudulent inducement, and aiding and abetting fraud, based on allegations that they knowingly created, issued and sold poor quality RMBS while representing to plaintiffs that the RMBS were in fact prudent, AAA-rated securities.

The Court of Appeals recently explained that "the right to assert a fraud claim related to a contract or note does not *automatically* transfer with the respective contract or note" (*Commonwealth of Pennsylvania Pub. Sch. Employees' Retirement Sys. v Morgan Stanley & Co., Inc.*, 25 NY3d 543, 550 [2015]). "Thus, where an assignment of fraud or other tort claims is intended in conjunction with the conveyance of a contract or note, there must be some language—although no specific words are required—that evinces that intent and effectuates the transfer of such rights" (*id.*). "Without a valid assignment, 'only the . . . assignor may rescind or sue for damages for fraud and deceit' because 'the representations were made to it and it alone had the right to rely upon them' " (*id.* [citations omitted]).

We find that plaintiff FSAM's agreement to deliver "all right, title and interest" in the RMBS to the Dexia plaintiffs did not include fraud claims, since FSAM only assigned rights in the subject securities without explicitly referencing any related tort claims or the overall transaction between FSAM and defendants (*see id.*; *State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 432 [2000]; *cf. Banque Arabe et Internationale D'Investissement v Maryland Natl. Bank*, 57 F3d 146, 151 [2d Cir 1995]).

Because FSAM received from the Dexia plaintiffs the same amount it originally paid for the securities, FSAM cannot establish damages (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *see also Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]).

We have considered the remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Gische and Kapnick, JJ.