SureFire Dividend Capture, LP v Industrial & Commercial Bank of China Fin. Servs. LLC (2023 NY Slip Op 02841)

SureFire Dividend Capture, LP v Industrial & Commercial Bank of China Fin. Servs. LLC

2023 NY Slip Op 02841

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 

Index No. 652507/21 Appeal No. 327 Case No. 2022-02867 

[*1]SureFire Dividend Capture, LP, Plaintiff-Appellant,
v
Industrial and Commercial Bank of China Financial Services LLC, Defendant-Respondent.

Oved & Oved LLP, New York (Glen Lenihan of counsel), for appellant.
Schulte Roth & Zabel LLP, New York (Elizabeth Curran of counsel), for respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about June 3, 2022, which, to the extent appealed from, granted defendant's motion to dismiss with prejudice the claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty for lack of standing, unanimously affirmed, with costs.
Defendant met its burden of establishing that plaintiff lacked standing to bring its fraud-based claims on behalf of nonparties Aalii Fund, LP and Alpha Capital Partners, LC (together, the "A Funds") (see e.g. DLJ Mtge. Capital v Mahadeo, 166 AD3d 512, 513 [1st Dept 2018]). While fraud claims in New York are freely assignable, "the right to assert a fraud claim related to a contract or note does not automatically transfer with the respective contract or note" (Commonwealth of Pennsylvania Pub. Sch. Employees' Retirement Sys. v Morgan Stanley & Co., Inc., 25 NY3d 543, 550 [2015]). Thus, where a plaintiff alleges fraud-based claims as a successor-in-interest under New York law, there must be "some language — although no specific words are required — that evinces that intent and effectuates the transfer of such rights" (id. at 550).
Here, the one-paragraph subscription agreement provided only for the transfer of the "full balance of [A Funds'] interest in Broad Reach Capital LP to Sure Fire Dividend Capture SPV5 . . . for the purposes of facilitating an in-kind subscription to the Fund in the amount of its 2/28/19 balance." This plain language was unambiguous and did not evince an intent to assign the fraud-based claims (id.; see also Dexia SA/NV v Morgan Stanley, 135 AD3d 497, 497 [1st Dept 2016], lv denied 28 NY3d 903 [2016]). Rather, the transfer of the "amount of its 2/28/19" balance plainly refers to the transfer of the amount invested in the fund, with nothing more. Nor may plaintiff insert extra-contractual allegations of intent into an agreement that is unambiguous on its face (see Ark Bryant Park Corp. v Bryant Park Restoration Corp., 285 AD2d 143, 150 [1st Dept 2001]).
The court's dismissal of the claims with prejudice was proper. Regardless of whether plaintiff could demonstrate that it and "SureFire Dividend Capture SPV5" — the entity named in the subscription agreement — were the same entity, no discovery will change the fact that the subscription agreement does not evince an intent to assign fraud-based claims. Thus, any amendment would be futile (see Triad Intl. Corp. v Cameron Indus., Inc., 122 AD3d 531, 532 [1st Dept 2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023